**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH CARPENTER,** | : | **Case No. 04CV1689** |
| | : | |
| Plaintiff, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| **KAISER FOUNDATION** | : | |
| **HEALTH PLAN OF OHIO, INC.,** | : | |
| | : | |
| Defendant. | : | |

On July 13, 2004, Plaintiff, Kenneth Carpenter ("Carpenter"), filed an eleven-count complaint against his former employer, Defendant, Kaiser Foundation Health Plan of Ohio, Inc. ("Kaiser") in the Cuyahoga County, Ohio, Court of Common Pleas. The claims arise from Kaiser's discharge of Carpenter that year. Among the eleven counts, Carpenter alleges that Kaiser violated Ohio public policy, the federal Family and Medical Leave Act ("FMLA"), an employment contract, and Ohio Revised Code § 4112.99 (sex discrimination). *See* Complaint, ¶¶ 8, 12, 16 and 18. Carpenter also alleges Kaiser committed various tortious acts, including defamation, retaliation and harassment. *See* Compl., ¶¶ 25, 27, and 29.

On August 20, 2004, Kaiser removed this case to Federal Court citing subject matter jurisdiction arising under the FMLA claim and the court's supplemental jurisdiction over the remaining ten claims. Doc.

1. On September 16, 2004, Kaiser filed this Motion to Dismiss.[1]

For the reasons set forth by this Order, this Court **GRANTS in part** and **DENIES in part** Kaiser's Motion to Dismiss. Seven of the eleven counts of the Complaint are hereby dismissed. As to the remaining four counts, this Court *sua sponte* **GRANTS** Carpenter **LEAVE to Amend** to address various legal and factual deficiencies as described below.

## I. Facts

Carpenter alleges he was an employee, as defined by the FMLA and Ohio Revised Code § 4112.01(A)(3), of Kaiser, and that Kaiser was his employer, under those acts. Compl., ¶¶ 1 - 2. Carpenter began his employment with Kaiser in April 1998, operating the Member Service Center. Compl., ¶¶ 3 - 4. Carpenter claims he performed his duties with "skill and proficiency" at all times, and yet, Kaiser still "wrongfully discharged" him on or about February 16, 2004. Compl., ¶¶ 5 - 6. As a result of Kaiser's alleged wrongful actions, Carpenter claims he suffered "damages, including emotional distress." Compl., ¶ 7.

## II. Law

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss challenges whether a plaintiff has plead a cognizable claim in the complaint. *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988). Rule 8(a) establishes the basic notice pleading principle that the complaint shall contain a "short and

---

[1] Local Rule 7.1(d) states that, "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." According to this rule, Carpenter's brief in opposition was due on or before October 16, 2004. Carpenter filed his brief in opposition twenty days (20) after it was due, on November 8, 2004. This Court, however, chose to grant Carpenter his Motion to File Response Instanter to Kaiser's Motion to Dismiss upon his showing of good cause. Doc. 16.

plain statement of the claim showing the pleader is entitled to relief." Typically, a claim should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff when deciding this motion. *Summit Health, Ltd. v. Pinhas*, 111 S.Ct. 1842, 1845 (1991); *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 885 (6th Cir. 1990); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). A well-pleaded allegation, however, is one that alleges specific facts and does not merely rely upon conclusory statements. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint must contain direct or inferential allegations respecting *each* of the *material* elements under some viable legal theory to survive a motion to dismiss. *Scheid*, 859 F.2d at 436. Material elements are those that constitute a *prima facie* case of the alleged cause of action. *See id.* at 437; *LaGrant v. Gulf & Western Manufacturing Co.*, 748 F.2d 1087, 1090-91 (6th Cir. 1984). If a complaint lacks direct or inferential allegations for each material element of the claim, a court may dismiss that claim for failing to fulfill the pleading requirements of Rule 8(a). *Scheid*, 859 F.2d at 437.

A district court may grant a plaintiff leave to amend a deficient complaint; however, it is not required to do so, *sua sponte*, when a plaintiff is represented by counsel, never filed a motion to amend, nor requested leave to amend before the district court. *United States ex rel. v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 242 (1st Cir. 2004). A district court, in exercising its discretion to determine whether justice requires granting leave to amend, may consider, among other factors, undue delay, dilatory motive of the plaintiff, and undue prejudice to the defendant. *See* F.R.C.P. 15(a); *Daves v. Payless Cashways Inc.*, 661 F.2d 1022, 1024

(5th Cir. 1981).

### III. This Court GRANTS in part Kaiser's Motion to Dismiss, and gives Carpenter LEAVE to Amend in part his Complaint.

#### A. Carpenter's claim for relief for Violation of Public Policy is DISMISSED (Count 1).

Carpenter alleges that his discharge as an at-will employee was in violation of public policy. The Supreme Court of Ohio recognizes violation of public policy as an exception to the employment-at-will doctrine, which largely governs employment relationships in Ohio. *Greeley v. Miami Maintenance Contrs., Inc.*, 551 N.E.2d 981, 987 (Ohio 1990). Under this doctrine, a general or indefinite hiring terminates "at the will" of either party. *Collins v. Rizkana*, 652 N.E.2d 653 (Ohio 1990). The Supreme Court of Ohio determined that, in order to state this claim, a plaintiff must demonstrate that the employer's actions violated a "clear public policy." *Painter v. Graley*, 639 N.E.2d 51, 56 (1994). The existence of such a public policy may be discerned by the judiciary based on sources such as the constitutions of the United States and Ohio, legislation, administrative rules and regulations, and the common law. *Id*.

A properly plead claim for violation of Ohio public policy alleges the following: 1) a clear public policy existed (the clarity element); 2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); 3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); 4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). *Marcuso v. University of Cincinnati*, 779 N.E.2d 794, 797 (Ohio Ct. App. 2002) (citing *Painter*, 639 N.E.2d at 56).

Carpenter fails to meet the notice requirement of Rule 8(a) for failing to allege *any* facts, directly or inferentially, that support all of the material elements in a claim for wrongful discharge in violation of public policy. *Scheid*, 859 F.2d at 436. Carpenter makes another fatal error by not stating in the Complaint which public policy allegedly had been violated. *Carver v. Universal Well Services, Inc.*, No. 96CA0082, 1997 Ohio App. LEXIS 3734, at *4 (Ohio Ct. App. August 20, 1997) (holding a plaintiff must indicate in the complaint the specific public policy at issue and explain how it was violated). Carpenter only makes mention that, "Defendant discharged Plaintiff in violation of the State of Ohio." Complaint, ¶ 8. This generalized accusation does not satisfy the threshold requirement of specificity necessary to state a proper claim under this cause of action. *Carver*, 1997 Ohio App. LEXIS 3734, at *4.

Carpenter attempts to remedy these insufficiencies by asserting in his Opposition that Kaiser discharged him in violation the FMLA, and that such a discharge is in violation of Ohio public policy. Doc. 13. The Supreme Court of Ohio has clearly stated, however, that Ohio does not recognize a claim for wrongful discharge in violation of public policy when the alleged discharge is one in violation of the FMLA. *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 533 (Ohio 2002).

Carpenter fails to provide this Court with the requisite minimal facts required by Rule 8(a). Carpenter also fails to set forth a viable legal theory upon which relief can be granted. This Court, accordingly, dismisses Count One of the Complaint.

**B. This Court DISMISSES Carpenter's claim for relief for Intentional Infliction of Emotional Distress (Count Two).**

Carpenter claims his discharge from Kaiser resulted in the Intentional Infliction of Emotional Distress ("IIED"). To establish an IIED claim, a plaintiff must allege that 1) the defendant intended to cause emotional

5

distress; 2) the defendant's conduct was so extreme and outrageous to cause serious emotional distress; and 3) the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress. *See Sears Roebuck v. Swaykus*, 2002 Ohio App. LEXIS 6990, at *6 (Ohio Ct. App. 2002). A claim for IIED is valid only where a defendant's conduct is so extreme and outrageous that it "goes beyond all bounds of decency." *Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983). To state a proper claim, Carpenter must allege direct or inferential factual support for all of the material elements of a cause of action. *Scheid,* 859 F.2d at 436. Carpenter states only that, "the actions of Defendant resulted in the intentional infliction of emotional distress," and that Carpenter, "has suffered injury, damage and loss, including emotional distress and other damage."[2] Compl., ¶¶ 10-11. Carpenter fails to set forth allegations describing what conduct of Kaiser allegedly caused the emotional distress, that those actions were extreme and outrageous, and that the alleged conduct was the proximate cause of Carpenter's distress. Carpenter merely relies on a conclusory statement, which is not sufficient to state a proper claim. *Papasan*, 478 U.S. at 286.

Carpenter's claim for relief for IIED fails the notice pleading requirement, and therefore, this Court dismisses Count Two of the Complaint.

### C. This Court DISMISSES Carpenter's claim for relief for Breach of Contract (Count Three).

Carpenter alleges that his discharge constitutes a breach of contract on the part of Kaiser. A breach of contract claim consists of the following material elements: 1) the existence of a binding contract or agreement; 2) the non-breaching party fulfilled its contractual obligations; 3) the breaching party failed to fulfill

---

[2] In Carpenter's Opposition to the Motion to Dismiss, Carpenter claims the Complaint alleged he suffered "embarrassment, humiliation, loss of sleep and emotional distress as a result of Kaiser's conduct." Doc. 13, p. 4. The Complaint, however, is devoid of this allegation. *See* Complaint.

its contractual obligations without legal excuse; and 4) the non-breaching party suffered damages as a result of the breach. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1266 (Ohio Ct. App. 1996).

To properly plead a breach of contract claim, Carpenter must allege either directly, or inferentially, facts supporting each material element. *Scheid*, 859 F.2d at 437. Carpenter's claim for relief is wholly deficient. Carpenter does not even allege that a contract existed, nor does he allege facts supporting the inference of a contract's existence. *See* Compl., ¶¶ 12-13. Carpenter does not allege any factual allegations supporting the claim that Kaiser did not meet its alleged contractual obligations, or that Kaiser did so without legal excuse. Carpenter's claim for relief for breach of contract clearly falls short of the minimum, notice pleading standard, and therefore, this Court dismisses Count Three.

### D. This Court *sua sponte* GRANTS Carpenter Leave to Amend his claim for promissory estoppel (Count Four).

Carpenter asserts he is entitled to relief under a theory of promissory estoppel because Kaiser allegedly made promises to him that his employment would be long term, and that he would only be discharged for good cause. A court may apply the doctrine of promissory estoppel to at-will employment agreements where the employer makes promises, upon which the employer should reasonably expect the employee to rely. *Kelly v. Georgia-Pacific Corp.*, 545 N.E.2d 1244, 1250 (Ohio 1989). The doctrine, therefore, creates an exception to the general rule that an at-will employer can discharge an employee for any reason not contrary to law. *See Condon v. Body, Vickers, and Daniels*, 649 N.E.2d 1259, 1264 (Ohio Ct. App. 1994).

The material elements of a claim based on promissory estoppel are 1) the employer must have made

a promise, clear and unambiguous in its terms; 2) the employee, to whom the promise was made, must have relied on that promise; 3) the reliance must be reasonable and foreseeable; and 4) the employee claiming estoppel must be injured by the reliance. *See Cohen & Co., CPAs v. Messina, CPA*, 492 N.E.2d 867, 872 (Ohio 1985).

Carpenter's attempts to assert the material elements of a promissory estoppel claim. Addressing the first element, a clear and unambiguous promise must specifically indicate the length of employment. *See Condon*, 649 N.E.2d at 1264. Carpenter alleges that Kaiser "made promises to Carpenter that his employment would be long term." Compl., ¶ 14. While that claim is vague, this Court will grant Carpenter the opportunity to *specify* the length of employment and to further explain the nature of any employment-related promises Kaiser made to him.

Carpenter also fails to demonstrate that his reliance was detrimental. Detrimental reliance exists only where the employee *rejects* another offer of employment, as opposed to a situation where the employee merely *refrains* from seeking other employment. *See Stickler v. Keycorp*, No. 80727, 2003 Ohio App. LEXIS 264, at *11-12 (Ohio Ct. App. January 23, 2003) (holding promissory estoppel exists only where there has been forbearance on the part of the promissee). Carpenter merely alleges that, because of Kaiser's actions, he suffered damages. *See* Compl., ¶ 15. Carpenter does not assert factual allegations that he turned down any other employment offers as a result of his reliance.

Carpenter fails to allege, as to put Kaiser on fair notice, two material elements of a claim for promissory estoppel. An exceedingly liberal reading of the Complaint gives some indication that Carpenter might be able to present facts in order to state a proper claim. In the interest of justice, this Court, accordingly, *sua sponte* grants Carpenter leave to amend his Complaint within ten (10) days of this Court's

Order. Should Carpenter fail to amend this count within the ten days, his claim for relief under the theory of promissory estoppel will be dismissed.

### E. This Court DISMISSES Carpenter's claim for relief for sex discrimination (Count Five).

Carpenter alleges that Kaiser discriminated against him on account of his sex in violation of O.R.C. § 4112.99. Compl., ¶ 16. Carpenter states in his Opposition that he has sufficiently met the notice pleading requirement under this count because, in order to establish a claim for sexual harassment, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). This short and plain threshold, however, bears the same requirements for stating an ordinary claim. *Id*. at 511 (citing Fed. Rule Civ. Proc. 8(a)(2)). Accordingly, either direct or inferential allegations of fact, respecting all of the material elements of a claim, must be set forth to give sufficient notice to the defendant of the grounds upon which the claim stands. *Scheid*, 859 F.2d at 436.

Carpenter fails to meet the notice pleading standard set forth in *Scheid*. The material elements of a sexual discrimination claim are 1) that the plaintiff is a member in a protected class; 2) that the plaintiff suffered an adverse reaction; 3) that despite plaintiff's performance, he was discharged; and 4) that plaintiff was replaced by a member outside his protected class or was treated differently from similarly situated members

9

of the unprotected class.³ *Warfield v. Lebanon Correctional Inst.*, 181 F.3d 723, 728 (6th Cir. 1999). Carpenter improperly relies on conclusory statements to support his claim for relief. *Papasan*, 478 U.S. at 286. Carpenter alleges only that he was discriminated against on account of his sex. *See* Compl., ¶16. Carpenter fails to allege that he was replaced by a person outside of his protected class, or that he was treated differently from similarly situated members of the unprotected class. *See id*.

Carpenter fails in almost all respects to meet the "short and plain statement" requirement set forth in Rule 8(a). *See Scheid*, 859 F.2d at 437. There is no indication from the record before this Court that he may be able to state a proper claim, as Carpenter even fails to specify the protected class to which he belongs. Carpenter's claim for relief for sex discrimination under Count Five, therefore, is dismissed.

### F. This Court *sua sponte* GRANTS Carpenter Leave to Amend his claim for relief for violation of The Family Medical Leave Act (Count Six).

Carpenter alleges that Kaiser discharged him in contravention of the FMLA. The FMLA entitles an eligible employee to twelve weeks of unpaid leave during any twelve-month period for a serious health condition that causes the employee's inability to perform her job responsibilities and functions. 29 U.S.C. § 2612(a)(1)(D); *Ragsdale v. Wolverine World Wide, Inc.* 535 U.S. 81, 86 (2002). The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of the employee's rights under the FMLA. 29 U.S.C. § 2612(a)(1)(D). If an employer interferes with the employee's right to the leave, the deprivation of the right is a violation of the FMLA, regardless of the employer's intent. *Smith v. Diffee Ford-Lincoln-Mercury*, 298 F.3d 955, 960 (10th Cir. 2002), *citing* King v. Preferred Tech. Group,

---

³ The Court analyzes state sex discrimination claims under the Federal sex discrimination standards. *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.*, 421 N.E.2d 128, 131 (Ohio 1981); *Frantz v. The Beechmount Pet Hospital*, 690 N.E.2d 897, 901 (Ohio 1996).

10

166 F.3d 887, 891 (7th Cir., 1999) (explaining that the true "issue becomes whether the employer's actions were motivated by an impermissible retaliatory or discriminatory animus.").

Carpenter generically states that he had a serious health condition requiring an extended recovery period, and that Kaiser did not provide such leave as required by the FMLA. Compl., ¶¶ 19-20. A serious health condition under the FMLA is one 1) where an employee had been an inpatient in a medical facility, or 2) where the employee was receiving continuous treatment from a health care provider. *Carmen v. Unison Behavioral Health Group, Inc.*, 295 F. Supp. 2d 809, 813 (N.D. Ohio 2003). Carpenter fails to make the allegation that he was hospitalized for his medical condition or that the condition required an absence from work or that the treatment was continuous. *See* Compl., ¶¶18-22.

Carpenter, further, does not allege in his Complaint or Opposition which FMLA claim he is asserting. The FMLA provides for two types of claims: interference and retaliation. *See Carmen,* 295 F. Supp. 2d at 813; *Bickley v. FMC Technologies*, 2003 U.S. Dist. LEXIS 9489, at *16 (N.D. Ohio 2003). Since it is unclear from the face of the Complaint which of the two claims Carpenter attempts to assert, this Court will address both.

In order for an employee to prevail on an *interference claim* under the FMLA, the employee must establish the following: 1) the plaintiff is an eligible employee; 2) the defendant is an employer; 3) the employee was entitled to leave under the FMLA; 4) the employee gave the employer notice of [his] intention to take leave; and 5) the employer denied the employee FMLA benefits to which the employee was entitled. *Cavin v. Honda of Am. Mfg.*, 346 F. 3d 713, 719 (6th Cir. 2003). Here, Carpenter fails to allege any facts, directly or inferentially, in support of each material element of the claim. Carpenter fails to allege that he is an eligible employee under the FMLA, that he provided notice to Kaiser regarding his alleged condition, and that

he had a right to leave under FMLA. Most significantly, Carpenter fails to explain just what medical condition forced his leave of absence.

As to the FMLA *retaliation claim*, Carpenter must allege 1) that he availed himself of a protected right under the FMLA; 2) that he was adversely affected by the employment decision; and 3) that there was a causal connection between the two actions. *Carmen*, 295 F. Supp. 2d at 813. Carpenter, again, fails to assert factual support demonstrating that he had a right to leave pursuant to the FMLA. Without properly alleging that he had this right, Carpenter cannot possibly allege the existence of a causal connection between availing himself of that right and the subsequent adverse effects of Kaiser's employment decision.

This Court, in its discretion and in the interest of justice, affords Carpenter the opportunity to amend his Complaint to, if possible, provide the factual and legal bases for his claim. This Court *sua sponte* grants Carpenter leave to amend his Complaint within ten (10) days of this Court's Order. Should Carpenter fail to amend this count within the ten days, this Court will dismiss this claim.

### G. This Court DISMISSES Carpenter's claim for relief for Invasion of Privacy (Count Seven).

Carpenter claims his discharge constituted an invasion of privacy. The Supreme Court of Ohio recognizes three different causes of action within the tort of invasion of privacy: 1) the unwarranted appropriation or exploitation of one's personality; 2) the publicizing of one's private affairs with which the public has no legitimate concern; and 3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. *Hidely v. Ohio State Hwy. Patrol*, 689 N.E.2d 89, 92 (Ohio Ct. App. 1996). Carpenter nakedly states that "Defendant's actions constituted an invasion of Carpenter's privacy." Complaint, ¶ 23. Carpenter offers no

12

factual allegations, direct or inferential, which would notify Kaiser of the grounds upon which this claim stands. Further, Carpenter fails to allege any sort of facts, in his Complaint or Opposition, from which this Court may reasonably infer which of the three actions he is asserting. Carpenter's claim merely relies on conclusory statements and is legally and factually deficient. Carpenter had ample opportunity to remedy these deficiencies in his Brief in Opposition and failed to do so. This Court, accordingly, dismisses Count Seven.

### H.  This Court DISMISSES Carpenter's claim for relief for Defamation (Count Eight).

Carpenter alleges that Kaiser knowingly made false statements to others, which caused injury to his reputation and affected him in his trade or business. Defamation, which includes both publications of libel and slander, is a false publication causing injury to a person's reputation, exposing the person to public hatred, contempt, ridicule, shame or disgrace, or affecting the person adversely in his or her trade or business. *Sweitzer v. Outlet Communications, Inc.*, 726 N.E.2d 1084, 1088 (Ohio Ct. App. 1999) (citing *Matalka v. Lagemann*, 486 N.E.2d 1220 (Ohio Ct. App. 1985)).  A plaintiff must allege in a defamation claim that 1) the defendant made a false statement; 2) the statement was defamatory; 3) the statement was published; 4) the plaintiff was injured as a result of that statement; and 5) the defendant acted with the requisite degree of fault. *Sweitzer*, 726 N.E.2d at 1088.

Carpenter asserts each of these legal elements in his claim for relief. Complaint, ¶ 25. Carpenter's claim, however, still fails for want of factual support. A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. *Papasan,* 478 U.S. at 286. Carpenter's allegation that, "Defendant made false statements to others causing injury to Carpenter's reputation and adversely affecting him in his trade or business," (Compl., ¶ 25) is solely a legal conclusion. *See Papasan,* 478 U.S. at 286. Carpenter does not allege what the statements were, how they were published, or who made them,

13

and therefore his complaint fails to sufficiently notify Kaiser of the claim against it. *See RE/MAX Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp.2d 882, 893 (N.D. Ohio 2003) (recognizing a complaint need not provide the precise words of the statement, but a complaint should give a defendant a substantive account of the statement and identify the person who made the statement.).

Because Carpenter fails to allege *any* facts that provide sufficient notice to Kaiser as to the defamation claims against it, this Court dismisses his eighth claim for relief.

### I.     This Court *sua sponte* GRANTS Carpenter Leave to Amend his Retaliation claim (Count Nine).

Carpenter asserts that Kaiser discharged him in retaliation for reporting patient neglect. In reviewing retaliation claims, Ohio courts look to federal case law. *Filips v. Case Western Reserve University*, No. 79741, 2002 Ohio App. LEXIS 4576, at *7 (Ohio Ct. App. August 29, 2002). The material elements of a retaliation claim are as follows: 1) the plaintiff engaged in a protected activity; 2) the defendant was aware the plaintiff exercised his civil rights; 3) the plaintiff experienced an adverse employment action; and 4) a causal connection existed between the protected activity and the adverse employment action. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2002).

Carpenter wholly fails to state *what* protected activity he allegedly engaged in and from *which* law the protection for that activity arises. Carpenter simply claims that Kaiser discharged him in retaliation for reporting patient neglect. Compl., ¶ 27. Standing alone, without statutory support, this activity is not a protected activity. *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 831 (6th Cir., 1999) (reporting sexual harassment is a protected activity under federal statutory authority); *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir., 1997) (filing a charge of retaliation with the Equal Employment Opportunity Commission is a

protected activity under federal statutory authority).

In order to resolve this legal deficiency and patent ambiguity, this Court *sua sponte* grants Carpenter leave to amend this count within ten (10) days of this Court's Order. Carpenter's failure to do so will result in this Court dismissing this claim for relief.

### J. This Court DISMISSES Carpenter's claim for relief for Harassment (Count Ten) and *sua sponte* GRANTS Carpenter Leave to Amend his claim for relief for Hostile Work Environment (Count Eleven).

Carpenter alleges Kaiser's actions toward him constituted work place harassment, and therefore, resulted in a hostile work environment. This Court, accordingly, dismisses Count Ten as duplicative and reads Carpenter's claim for hostile work environment as the same claim for relief. For a claim of hostile work environment, a plaintiff must allege the following: 1) the plaintiff is a member of a protected class; 2) the plaintiff was subjected to unwelcomed harassment; 3) the harassment was based on the plaintiff's membership in a protected class; and 4) the harassment created a hostile work environment. *See Williams*, 187 F.3d at 560.

Protected classes under Title VII include those based upon race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000(e); *Williams v. GMC*, 187 F.3d 553, 560 (6th Cir. 1999). Carpenter, again, fails to state in which protected class he is a member for the purposes of this claim. Even if he had, moreover, Carpenter's claim, as it stands now, would still fail. Carpenter does not allege, directly or inferentially, those acts that constituted the alleged harassment or that the alleged harassment was *because of* Carpenter's membership in a protected class. *Williams*, 187 F.3d at 560. Carpenter's only allegation states that, "Defendant by its actions toward Plaintiff created a hostile work environment." Complaint, ¶ 31.

While a district court is not obligated to *sua sponte* grant leave to amend where a more carefully drafted complaint might state a claim, this Court finds it appropriate to give Carpenter a chance to state a claim, if he can do so in good faith. This Court, accordingly, grants Carpenter leave to amend this claim for hostile work environment, as this Court reads both Count Ten and Eleven as one claim for relief. Carpenter must file amendments to this count (eleven) within ten (10) days of this Court's Order. Failure to do so will result in this claim's dismissal.

### IV. Conclusion

For the reasons set forth in this Order, this Court **GRANTS in part** and **DENIES in part** Kaiser's Motion to Dismiss. Seven of the eleven counts of the Complaint are **DISMISSED**. As to the remaining four counts, this Court, *sua sponte* **GRANTS** Carpenter LEAVE to Amend those counts to address the deficiencies described in this Order.

If Carpenter can amend his complaint in good faith, he must do so **within ten (10) days of this Court's Order. Failure to do so will result in dismissal of those remaining counts**.[4]

**IT IS SO ORDERED.**

                                                        s/Kathleen M. O'Malley  
                                                       **KATHLEEN McDONALD O'MALLEY**  
                                                       **UNITED STATES DISTRICT JUDGE**

**Dated**: May 11, 2005

---

[4] Carpenter will not be afforded additional time within which to respond to this order. Carpenter's complaint is legally and factually deficient in virtually all respects. Despite being put on notice of that fact by Defendant's motion, Carpenter neither sought leave to amend his complaint nor made any meaningful effort to remedy those deficiencies through a detailed opposition to that motion. Carpenter's complaint is not pro se; the Court's leniency in the current order is arguably not justified and will not be extended.