UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH CARPENTER,** | : | **Case No. 04CV1689** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| **KAISER FOUNDATION** | : | |
| **HEALTH PLAN OF OHIO, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

On July 13, 2004, plaintiff, Kenneth Carpenter ("Carpenter"), filed an eleven-count complaint against his former employer, defendant, Kaiser Foundation Health Plan of Ohio, Inc. ("Kaiser") in the Cuyahoga County, Ohio, Court of Common Pleas. The claims arise from Kaiser's discharge of Carpenter earlier that year. On August 20, 2004, Kaiser removed this case to this Court citing federal subject matter jurisdiction arising under the Family Medical Leave Act "FMLA", and invoking the court's supplemental jurisdiction over the remaining claims. On September 16, 2004, Kaiser filed a Motion to Dismiss. After briefing was completed, the Court Granted in Part and Denied in Part Kaiser's Motion to Dismiss. In its May 11, 2005 Order, this Court dismissed seven of the eleven claims and granted Carpenter leave to amend his complaint to address certain pleading deficiencies in the remaining four claims.

On May 20, 2005, Carpenter filed an Amended Complaint.[1]  On June 9, 2005, Kaiser filed a Second Motion to Dismiss regarding the remaining four claims. For the reasons set forth in this Order, this Court **GRANTS** in Part and **DENIES** in Part Kaiser's Second Motion to Dismiss. Carpenter's FMLA and retaliation claims are the only two claims that survive Kaiser's Second Motion to Dismiss.  Carpenter's promissory estoppel and hostile work environment claims are hereby **DISMISSED**.

**II.     Analysis**

**A.     Carpenter's Claim For Promissory Estoppel is Dismissed**

Carpenter asserts that he is entitled to relief under a theory of promissory estoppel because Kaiser allegedly made promises to him that his employment would be long term and that he would only be discharged for good cause.  In an employment context, the material elements of a claim based on promissory estoppel are: 1) the employer must have made a promise, clear and unambiguous in its terms; 2) the employee, to whom the promise was made, must have relied on that promise; 3) the reliance must be reasonable and foreseeable; and 4) the employee claiming estoppel must be injured by the reliance.  *See Cohen & Co., CPAs v. Messina, CPA*, 492 N.E.2d 867, 872 (Ohio 1985).

In the Court's May 11, 2005 Order, the Court noted that Plaintiff had not established the first element of a viable claim for promissory estoppel because he failed to "specify the length of employment and to further explain the nature of any employment-related promises Kaiser made to him." Order at 8.  The Order also

---

[1] Kaiser's Amended Complaint reiterated seven of the claims that had been dismissed in the Court's May 11, 2005 Order.  During the Case Management Conference held on July 27, 2005, Carpenter's counsel stated to the Court that the presence of the dismissed claims in Plaintiff's Amended Complaint was a mistake and that counsel had inadvertently re-submitted them.  Because those claims have already been dismissed by this Court, the Court will not address the merits of those claims again.

stated that Plaintiff had failed to allege detrimental reliance in his complaint because he did not "assert factual allegations that he turned down any other employment offers as a result of his reliance." *Id*.

In Carpenter's Amended Complaint, he has once again failed to allege these two material elements of a claim for promissory estoppel. Regarding the first element, Carpenter merely restates the allegation that he was told that his employment would be "long term," and that he would only be discharged for "good cause." These conclusory statements are not evidence of a clear, unambiguous promise. Carpenter was ordered to by the Court in its May 11 Order to "*specify* the length of employment and to further explain the nature of any employment related promises Kaiser made to him." Order at 8. Carpenter has failed to do so.

Carpenter also fails to allege any facts that establish detrimental reliance by him on any alleged promise of employment. While Carpenter asserts that he, at some point turned down the right to bump into another position at Kaiser, he does not assert that he did so in reliance on a promise that his current position would exist indefinitely. Accordingly, Count Four of Carpenter's Amended Complaint is dismissed.

### B. Carpenter's Family Medical Leave Act Has Been Properly Plead

Carpenter alleges that Kaiser discharged him in contravention of the FMLA. The FMLA entitles an eligible employee to twelve weeks of unpaid leave during any twelve-month period for a serious health condition that renders the employee unable to perform his job responsibilities and functions. 29 U.S.C. § 2612(a)(1)(D); *Ragsdale v. Wolverine World Wide, Inc.* 535 U.S. 81, 86 (2002). The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of the employee's rights under the FMLA. 29 U.S.C. § 2612(a)(1)(D). If an employer interferes with the employee's right to the leave, the deprivation of the right is a violation of the FMLA, regardless of the employer's intent. *Smith v. Diffee Ford-Lincoln-Mercury*, 298 F.3d 955, 960 (10th Cir. 2002), *citing King v. Preferred Tech. Group*,

3

166 F.3d 887, 891 (7th Cir. 1999).

There is no dispute that Carpenter availed himself of protected rights under the FMLA. Exhibit A, attached to Carpenter's Response to Kaiser's Motion to Dismiss, is a note from Carpenter's doctor evidencing that he was sick and under the supervision of a doctor when he applied for benefits under the FMLA. The note states that Carpenter was "ill and unable to work from 2/03/04 to 2/13/04." Carpenter was cleared to return to work on February 16, 2004. Exhibit B is a copy of Carpenter's pay stub evidencing that he did take FMLA leave and was paid the FMLA rate. Carpenter returned to work on February 16, 2005, the same day he was fired. Based on these facts, Carpenter asserts that Kaiser failed to fulfill its obligation under the FMLA to allow him to take leave for his illness and still return to his job. While there is some question as to whether Carpenter's health condition was sufficiently "serious" to qualify as a serious health condition under the FMLA, Carpenter has plead sufficient facts to support a claim for interference with his rights under the FMLA and to survive Defendant's motion to dismiss.

### C.     **Carpenter Has Properly Plead a Retaliation Claim**

Carpenter asserts that Kaiser discharged him in retaliation for reporting gender discrimination, and patient neglect, and for taking leave under the FMLA. In reviewing retaliation claims, Ohio courts look to federal case law. *Filips v. Case Western Reserve University*, No. 79741, 2002 Ohio App. LEXIS 4576, at *7 (Ohio Ct. App. August 29, 2002). The material elements of a retaliation claim are as follows: 1) the plaintiff engaged in a protected activity; 2) the defendant was aware the plaintiff exercised his civil rights; 3) the plaintiff experienced an adverse employment action; and 4) a causal connection existed between the protected activity and the adverse employment action. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2002).

4

In the Court's May 11 Order, Carpenter was ordered to "state what protected activity he allegedly engaged in and from which law the protection for that activity arises." Order at 14. Carpenter alleges that he was discharged in retaliation for reporting gender discrimination and for taking FMLA leave. Carpenter alleges that his termination occurred in close proximity to both of these protected activities. At this early stage of the proceedings, the Court finds that these allegations are sufficient to support Carpenter's retaliation claim. *See Fenton v. HiSAN, Inc.*, 174 F.3d 827, 831 (6th Cir. 1999) (reporting sexual harassment is a protected activity under federal statutory authority); *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997) (filing a charge of retaliation with the Equal Employment Opportunity Commission is a protected activity under federal statutory authority); *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). The same cannot be said for Carpenter's assertion that Kaiser discharged him in retaliation for reporting patient neglect. Standing alone, without statutory support, this activity is not a protected activity upon which Carpenter can premise a retaliation claim.[2]

Accordingly, Kaiser's motion to dismiss Carpenter's retaliation claim, to the extent the claim is premised on reporting gender discrimination or taking FMLA leave, is Denied, but the motion to dismiss Carpenter's retaliation claim for reporting patient neglect is Granted.

### D. Carpenter's Claim For Hostile Work Environment Is Dismissed

Finally, Carpenter alleges that Kaiser's actions toward him constituted a hostile work environment. For a claim of hostile work environment, a plaintiff must allege the following: 1) the plaintiff is a member of a protected class; 2) the plaintiff was subjected to unwelcomed harassment; 3) the harassment was based on

---

[2] Carpenter has not asserted a "whistle blower" claim under either federal or state law.

5

the plaintiff's membership in a protected class; and 4) the harassment created a hostile work environment. *See Williams v. GMC*, 187 F.3d 553, 560 (6th Cir. 1999).

A hostile environment under Title VII is a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive so as to alter conditions of the victim's employment and create an abusive working environment."*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993). A court must be particularly concerned with "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23, 114 S. Ct. at 371.

Carpenter appears to assert that the "hostility" he felt arose from the fact the he was a male in a predominantly female work force. Specifically, Carpenter states that his supervisor, Ms. King, made derogatory comments about Carpenter allegedly having a vasectomy and being "unworthy" to drive a Saab. Carpenter fails to allege that these comments occurred with any significant frequency, however. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 n.5 (2d Cir. 1995) ("isolated remarks or occasional episodes of harassment will not merit relief under Title VII; in order to be actionable, the incidents of harassment must occur in concert or with a regularity that can reasonably be termed pervasive").

Moreover, while a plaintiff's subjective experience of a hostile environment is necessary to sustain a claim, it is not enough. As the Supreme Court has reminded, "conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. at 21, 114 S. Ct. at 367. Mere embarrassing remarks, such as those alleged here, are not sufficiently severe to establish

a hostile environment claim. *Trezza v. The Hartford, Inc.*, 1998 U.S. Dist. LEXIS 20206, *5, No. 98 Civ. 2205, 1998 WL 912101, at *1, *4 (S.D.N.Y. Dec. 30, 1998) (dismissing hostile work environment claims where defendants commented on the "'incompetence and laziness of women who are also working mothers'"). Accordingly, Carpenter's claim for hostile work environment is Dismissed.

### III. Conclusion

For the reasons set forth in this Order, this Court **GRANTS** in Part and **DENIES** in Part Kaiser's Motion to Dismiss. Carpenter's FMLA interference and his retaliation claims are the only two surviving claims in his Amended Complaint. The promissory estoppel and hostile work environment claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

> s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated**: September 16, 2005